**Barry Neal WOODS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–86–00642–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 2, 1989.

Kristine C. Woldy, Roy L. Ashe, Houston, for appellant.

Dwight Peschel, Seguin, for appellee.

Before JUNELL, SEARS and DRAUGHN, JJ.

OPINION

SEARS, Justice.

This case is before us on remand from the Court of Criminal Appeals so that we may reconsider Appellant's fifth point of error in light of *Rose v. State*, 752 S.W.2d 529 (Tex.Crim.App.1988) (opinion on Court's own motion for rehearing).

On direct appeal, Appellant presented six points of error. This court overruled each of these points of error and affirmed the judgment of the trial court. *Woods v. State*, C14–86–642–CR (Tex.App.—Houston [14th Dist.] August 6, 1987) [1987 WL 15345] (not reported). The fifth point of error concerned the trial court's instruction to the jury on the law of parole pursuant to TEX.CODE CRIM.PROC.ANN. art. 37.07, § 4.

The Texas Court of Criminal Appeals has held this instruction to be an unconstitutional violation of the separation of powers and the due process provisions of the Texas Constitution. *Rose v. State*, 752 S.W.2d at 552. Therefore, the trial court's instruction was error. In determining whether reversible error has occurred in giving the parole law instruction, a harmless error analysis must be conducted pursuant to TEX.R.APP.P. 81(b)(2). *Rose v. State*, 752 S.W.2d at 554. We must reverse the judgment unless we conclude beyond a reasonable doubt that the parole instruction did

not contribute to the punishment assessed by the jury. TEX.R.APP.P. 81(b)(2).

In determining whether the error was harmless, we must first consider whether the jury received a curative instruction with the charge, the particular facts of the offense in relation to the sentence imposed and the Appellant's criminal record. *Rose v. State*, 752 S.W.2d at 554.

The pertinent portions of the parole law instruction given by the court read:

It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

Because a reviewing court will generally presume that a jury follows the instructions given by the trial judge, absent some further showing, it is assumed the jury followed the judge's admonishment that they must not consider the length of the sentence the defendant would be required to serve. *Rose v. State*, 752 S.W.2d at 554.

The record reflects that the complainant was working in his yard constructing a swingset for his children when he was murdered. Appellant was in his yard next door firing his gun at a target. The complainant asked Appellant to stop shooting his gun since there were children playing in the yard and he then went back to work on the swingset. Appellant turned and shot the complainant three times. At least one of the shots was fired after the complainant had fallen to the ground. The complainant was struck in the arm, side and the back of the head. There were two eyewitnesses to the killing. Appellant was apprehended a short time after the murder, still in possession of the murder weapon, and made an oral and a written confession

to the offense. Based on the foregoing evidence, the jury found Appellant guilty of murder.

■ The evidence at the punishment phase showed that Appellant had no prior felony convictions and had requested probation. The prosecutor argued the parole law in his final argument as follows:

[T]here are three reasons for sentencing....

The second reason is rehabilitation. I am not going to tell you that a thirty year old man can't be rehabilitated. I don't know that. That is for somebody wiser than I and more skilled, or maybe nobody does. I do know that for this man to be rehabilitated, he is going to have to be sent to the Department of Corrections for a long enough period of time to allow them to have a long, long time to work with him, because what Dr. Schroeder told you in her professional terms, what he does, the way he reacts to stressful situations, he has learned behavior. He is not psychotic as she told you. He has learned through his upbringing and in the environment he was raised in that this is the way he can react when he is frustrated or angry or threatened in any way, he should react with violence.

He is thirty years old. Now, you have to send him away long enough, if he can be rehabilitated, they will have time to work with him. Remember what the Judge tells you in the Jury Charge. If the Defendant is sentenced to a term in prison, he will not become eligible for parole until the actual time served equals one-third of the sentence imposed or twenty years, which ever [sic] is less without consideration of any good conduct time he may earn. One-third of the sentenced [sic] imposed or twenty years, whichever is less. Ladies and Gentlemen, rehabilitation requires a long time in the Department of Corrections.

The jury assessed Appellant's punishment at ninety-nine years confinement in the Texas Department of Corrections.

The prosecutor's argument was clearly improper and invited the jury to consider the effect of the operation of the parole

**330**

law on Appellant's punishment. *Morris v. State,* 755 S.W.2d 505, 511 (Tex.App.— Houston [1st Dist.] 1988, pet. ref'd).

■ We believe the facts of this offense justify the sentence imposed and we have no way of knowing if the jury actually considered the parole law in assessing Appellant's punishment. However, in light of the prosecutor's improper jury argument, we cannot conclude beyond a reasonable doubt that the error in instructing the jury pursuant to TEX.CODE CRIM.PROC.ANN. art. 37.07, § 4 made no contribution to the punishment assessed. TEX.R.APP.P. 81(b)(2). Point of error five is sustained.

Because we find error solely in the punishment stage of the trial, we remand this cause to the trial court for a new trial on punishment only. TEX.CODE CRIM.PROC. ANN. art. 44.29(b) (Vernon Supp.1989).

Accordingly, the judgment of the trial court is reversed and remanded for a new trial as to punishment only.